By the Court, Bronson, J.
If the justice had authority to inquire into the alleged offence of Sally Grant, the commitment of Cassels could not be impeached upon habeas corpus for any supposed error of the justice in requiring the witness to answer an improper question. A contempt was specially and plainly charged in the commitment, and it was the duty of the judge forthwith to remand the prisoner. (2 R. S. 567, § 40.) The statute expressly forbids an inquiry into the justice or propriety of the commitment in such a case. (§ 42.) If there had been no such statute, it is clear upon principle, that the judgment or decision of any cotut or officer of competent jurisdiction cannot be reviewed on habeas corpus. If there has been error, the remedy is by certiorari or writ of error. When the return states the imprisonment to be by virtue of legal process, the officer may inquire whether in truth there be any process, and whether it appears upon its face to be valid; and he may also inquire whether any cause has arisen since the commitment for putting an end to the imprisonment, as a pardon, reversal of the *168 judgment, payment of the fine, and the like. But he cannot rejudge the judgment of the committing court or magistrate. (Matter of Clark, 9 Wend. 220; The People v. McLeod, 1 Hill, 404; Sheriff of Middlesex, 11 Ad. Ellis, 273; 3 Hill, 658, note, pl. 30, 31.) The principal, if not the only object of the forty-eighth section of the habeas corpus act, was to provide for cases where the party is restrained of his liberty without the authority of legal process. In such cases the return is usually made by a person having an interest in the question, and who has exercised the restraint upon his own responsibility, as the parent, husband, master, or guardian of the person imprisoned; and it is very proper that the facts which they state in the return should be open to investigation, (b) But it is otherwise when the return is made by an officer having legal process. It is evident from the fortieth section of the statute that the legislature did not intend to provide for a re-trial by habeas corpus in such a case. The review is by certiorari or writ of error. It is quite clear, therefore, that the judge had no authority to inquire into the truth of the fact adjudged by the committing magistrate, to wit, that the prisoner was in contempt for not answering á question put to him when giving his evidence; nor could he inquire whether the question was a proper one, or whether the prisoner was privileged from answering it.
But the prisoner had an undoubted right to show that the committing magistrate acted without authority; and this is so, notwithstanding the commitment recite the existence of the necessary facts to give jurisdiction. No court or officer can acquire jurisdiction by the mere assertion of it, or by falsely alleging the existence of facts on which jurisdiction depends. Now it turns out, as the judge has found the facts, that this supposed contempt did not happen, as the commitment states, “ on the trial of a cause” before the justice, nor “ upon the examination of one Sally Grant on a criminal complaint.” Sally Grant was never brought before the justice. She was not in the county *169 of Chenango, nor was it pretended that she had ever committed any offence in that county. The crime which they were attempting to fasten upon her was committed in the county of Rensselaer, where she lived. A justice of the peace is for some purposes a town officer and for other purposes a comity officer. He may issue process for the arrest of offenders where the crime was committed in his county, although the criminal may have escaped into another county. (2 R. S. 706, § 1 to 5.) And possibly he may issue process when the offender is in his comity, although the crime was committed elsewhere. We are, however, inclined to a different opinion. But it is not now necessary to settle that question. Here, neither the crime nor the offender was in Chenango, and the justice was without the shadow of authority in attempting to inquire into the matter. The whole proceeding was coram non judice. Indeed it wears the appearance of an attempt to pervert justice, by getting up a sham complaint against Sally Grant, for the purpose of compelling Cassels to criminate himself, after a failure to find evidence to sustain the charge which had previously been made against him. But I ought to mention that the justice has not been heard upon this matter; and as there are usually two sides to every case, it is not improbable that the facts may hereafter assume a different appearance.
This leads to the remark, that no notice of the proceedings upon the writ of habeas corpus was given to the district attorney. The statute provides that he shall have notice before the discharge, when it appears from the return that the prisoner is detained “upon any criminal accusation.” (§ 47.) The proceeding for contempt against Cassels was criminal in point of form, and it grew out of a criminal proceeding, where, if the alleged crime had been committed in Chenango, it would have been the duty of the district attorney to see that the ends of public justice were not defeated by permitting the witness to be discharged before he had submitted to answer a proper question ; and 1 think notice should have been given. When the prisoner is in custody under process in which any other person has an interest, such .person, or his attorney, must have notice. *170 (§ 46.) Taking the two sections together, I think the legislature intended there should he notice to some one in all cases where the prisoner is in custody under legal process; and that the words “ criminal accusation” in the forty-seventh section were intended to include all cases where the public, and not an individual, is interested to continue the imprisonment. Here the statute has been so construed that nobody has had notice, and it is a dangerous mode of administering justice to hear only one side. I may add, that the evidence upon which the judge acted in discharging Cassels was not of the most satisfactory character.
We think the want of notice to the district attorney a fatal objection.
Proceedings reversed.

 See 3 Hill, p. 660, note, and the cases there cited.